```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
CREATIVE MOBILE TECHNOLOGIES, LLC   : 13 Civ. 0349 (MMB) (JCF)
                                    :
            Plaintiff,              :       MEMORANDUM
                                    :       AND   ORDER
     - against -                    :
                                    :
VERIFONE SYSTEMS, INC. and          :
VERIFONE MEDIA, LLC, d/b/a          :
VERIFONE MEDIA SOLUTIONS, f/k/a     :
CLEAR CHANNEL TAXI MEDIA, LLC,      :
                                    :
            Defendants.             :
- - - - - - - - - - - - - - - - - - - -:
VERIFONE MEDIA, LLC and VERIFONE    :
SYSTEMS, INC.,                      :
                                    :
            Counter Claimant,       :
                                    :
     - against -                    :
                                    :
CREATIVE MOBILE TECHNOLOGY, LLC,    :
                                    :
            Counter Defendant.      :
- - - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

This action concerns an agreement related to sales of advertising on Passenger Information Monitors ("PIMs") in taxicabs. At issue in the discovery application brought by plaintiff Creative Mobile Technologies, LLC ("Creative Mobile") are revenue documents of defendant VeriFone Media Solutions ("VeriFone Media"), its affiliate VeriFone Transportation Services, Inc. ("VeriFone Transportation"), and their parent company, defendant VeriFone Systems, Inc. ("VeriFone"). The defendants, for their part, seek to compel the plaintiff to produce revenue documents connected with the launch of the relevant technology in certain markets other than New York. For the reasons that follow, the plaintiff's request is

1

denied and the defendants' application is granted.

Background

According to the Complaint, Creative Mobile entered into a Sales Representation Agreement (the "Agreement") with the Clear Channel Taxi Media, LLC ("Clear Channel"), the predecessor to VeriFone Media, pursuant to which Creative Mobile would develop the necessary technology for the PIMs and install up to 5,000 screens in New York City taxis, while Clear Channel would be the exclusive seller of advertisements on those screens. (Complaint ("Compl."), attached as Exh. A to Notice of Removal, ¶¶ 1-2, 7).  In return, Clear Channel agreed to pay Creative Mobile a monthly amount for each installed screen, to share revenues from the advertising on Creative Mobile's screens once a certain amount of revenue was reached, and to share revenue derived from its placement of advertising on screens not installed by Creative Mobile. (Compl., ¶¶ 8-9).  In addition, the parties promised that, should either have the opportunity to develop or participate in similar advertising in markets outside of New York City, the other would have a right of first refusal to partner in the enterprise. (Compl., ¶ 10).  Creative Mobile asserts that the provision for revenue-sharing on non-Creative Mobile screens survives termination of the Agreement.  (Letter of John L. Gardiner dated Dec. 20, 2013 ("Pl. Memo.") at 1-2).

The plaintiff alleges that, after Clear Channel was purchased by VeriFone -- Creative Mobile's "primary competitor for in-taxi technology in New York City" -- and renamed VeriFone Media, the

2

defendants breached the Agreement by "refus[ing] to supply data and information necessary to enable [Creative Media] to calculate the amounts due under the Agreement," "plac[ing] advertisements on non-[Creative Mobile] screens without paying [] the revenues [VeriFone Media] had agreed to share," and "plac[ing] advertisements in taxicabs using similar technology, outside of New York City, without first offering the opportunity to [Creative Mobile]." (Compl., ¶¶ 14, 17).

Since the filing of Creative Mobile's letter motion to compel, its application has narrowed considerably. In the dispute that remains, Creative Mobile demands production of VeriFone's, VeriFone Media's, and VeriFone Transportation's "books and records for January 1, 2010 through the present as they relate to the placement of ads on [VeriFone Transportation's] PIMs in New York City." (Letter of John L. Gardiner dated Jan. 21, 2014 ("Reply") at 8; Letter of Orin Snyder dated Jan. 24, 2014 ("Sur-reply"), at 1-2). The plaintiff argues it needs these documents to conduct a forensic audit, necessitated by the defendants' "manipulation of revenue recognition" -- specifically, a practice of recognizing revenue from placement of advertisements on non-Creative Mobile PIMs not at VeriFone Media, but rather at VeriFone Transportation, which is neither a party to the Agreement nor a party in this action. (Pl. Memo. at 8-9; Reply at 8-9).

The defendants assert that Creative Mobile is not abiding by a prior discovery order, which ruled that the defendants "are entitled to documents that will allow them to contest plaintiff's

capability of exercising the right of first refusal and providing in-taxi media services outside of New York" (Order dated October 24, 2013 ("October 24 Order") at 2), because it has agreed to produce only documents "sufficient to demonstrate that [Creative Mobile] was financially capable and/or technologically capable of launching similar Technology."[1] (Plaintiff/Counterclaim-Defendant Creative Mobile Technologies, LLC's Responses and Objections to Defendants' Second Set of Document Requests ("Pl. Responses"), attached as Exh. C to Def. Memo., at 4; Def. Memo. at 8; Reply at 11).

Discussion

    A.    Books and Records

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  "Although not unlimited, relevance, for purposes of discovery, is an extremely broad concept."  Condit v. Dunne, 225 F.R.D. 100, 105 (S.D.N.Y. 2004); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).  The

---

[1] The defendants also contend that, although Creative Mobile "agreed to run search terms to produce documents in response to [the defendants'] Request [for Documents] No. 28, it has not yet produced a single responsive document."  (Letter of Orin Snyder dated Jan. 6, 2014 ("Def. Memo."), at 8).  In response, Creative Mobile asserts that it is completing its review of documents in response to the document request, and expects its rolling production to be complete by February 4, 2014.  (Reply at 10-11). I therefore assume that this dispute is moot.

burden of demonstrating relevance is on the party seeking discovery. See, e.g., Mandell v. The Maxon Co., No. 06 Civ. 460, 2007 WL 3022552, at *1 (S.D.N.Y. Oct. 16, 2007).

Once relevance has been shown, it is up to the responding party to justify curtailing discovery. AIU Insurance Co. v. TIG Insurance Co., No. 07 Civ. 7052, 2008 WL 5062030, at *9 (S.D.N.Y. Nov. 25, 2008) (citing Condit, 225 F.R.D. at 106). "[T]he court must limit the frequency or extent of discovery" when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

There is no question that the books and records requested are relevant, and the defendants do not appear to argue otherwise. Instead, they charge that the request is overbroad and duplicative, and that the information requested can be obtained through deposition. (Def. Memo. at 5; Sur-reply at 1-2). I agree. As the defendants point out, they have produced "a comprehensive and detailed Financial Spreadsheet that provides all of the information relevant to [Creative Mobile's] alleged damages," including VeriFone Transportation's digital advertising revenue. (Def. Memo.

at 4; Sur-reply at 2). In addition, the defendants have produced (or agreed to produce) "thousands of supporting advertising contracts," which will "provide the backup for these revenue figures" by showing "how much money each advertiser agreed to pay for every advertisement placed by [VeriFone Media] on non-party [VeriFone Transportation's] PIMs." (Sur-reply at 1-2). Questions regarding the reason that such revenue was booked at VeriFone Transportation can be posed during deposition. (Sur-reply at 1). There is no need for Creative Mobile to examine years of the books and records of the defendants and non-party VeriFone Transportation.

    B.   <u>Right of First Refusal</u>

As noted above, in response to my October 24 Order finding that the defendants are entitled to documents that will allow them to challenge whether Creative Mobile had the capacity to exercise the right of first refusal, the plaintiff has agreed to produce documents "sufficient to demonstrate that [Creative Mobile] was financially capable and/or technologically capable of launching similar Technology" in specified markets. (Pl. Responses at 4). Creative Mobile contends that this "proposal is in accordance with the Order." (Reply at 11).

The plaintiff is mistaken. The defendants must be able to test whether Creative Mobile was capable of partnering with VeriFone Media in launching PIM technology in markets other than New York City. The plaintiff's proposal, as written, will not provide the defendants with the tools to do that. Instead, it will

limit discovery to only those documents that support Creative Mobile's position that it was, indeed, capable of doing so. Creative Mobile cannot limit its production in such a manner. The plaintiff must comply with the October 24 Order in producing documents in response to the defendants' Request for Documents No. 29.

Conclusion

For the foregoing reasons, the plaintiff's application to compel production of documents is denied and the defendants' is granted. The plaintiffs are directed to produce promptly documents responsive to the defendants' Request for Documents No. 29 in compliance with the October 24 Order. All discovery deadlines are extended by 30 days: fact discovery will be completed by March 3, 2014; initial expert reports and related materials exchanged by April 1, 2014; rebuttal expert reports and related materials exchanged by April 30, 2014; all expert discovery completed by May 30, 2014.

SO ORDERED.

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
       February 4, 2014

Copies mailed this date to:

John L. Gardiner, Esq.
Skadden, Arps, Slate, Meagher & Flom, L.L.P.
4 Times Square
New York, NY 10036

Orin Snyder, Esq.
Gibson Dunn & Crutcher, LLP
200 Park Avenue, 48th Floor
New York, NY 10166